**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ARIEL B. AYUBO,**

          **Plaintiff,**

-vs-                                                       Case No. 6:08-cv-1197-Orl-31GJK

**CITY OF EDGEWATER, ROBERT**
**DELOACH, TERRY WADSWORTH and**
**JON WILLIAMS,**

          **Defendants.**

_____

## ORDER

This matter came before the Court without oral argument upon consideration of Defendant's, City of Edgewater, Motion to Dismiss (Doc. 6), Defendants', Robert DeLoach, Terry Wadsworth and Jon Williams, Motion to Dismiss (Doc. 8), and Plaintiff's responses in opposition thereto (Docs. 15 and 16).

**I. Overview**

On July 24, 2008, Plaintiff filed a six-count Complaint against the City of Edgewater (the "City") and Defendants Robert DeLoach,[1] Terry Wadsworth and Jon Williams, alleging, *inter alia*, violations of Title VII of the Civil Rights Act and 42 U.S.C. § 1981. Specifically, Count I of the Complaint alleges that the City subjected Plaintiff to disparate treatment on account of his race. Count II alleges that the City subjected Plaintiff to racial harassment (i.e., a hostile work

---

[1]Plaintiff incorrectly identified Defendant Robert DeLoach in his Complaint as "DeRoach." The parties will correctly identify Mr. DeLoach in all subsequent filings.

environment). Count III alleges that the City retaliated against Plaintiff after he reported his alleged disparate treatment and the hostile work environment to his superior(s). Count IV alleges that the City[2] negligently failed to supervise and train its employees. Count V alleges that all Defendants subjected Plaintiff to intentional infliction of emotional distress. Finally, Count VI alleges that all Defendants conspired to retaliate against Plaintiff after he complained about his alleged disparate treatment and hostile work environment.

Plaintiff filed two, six-page responses to the Defendants' respective Motions to Dismiss (Docs. 15 and 16). Plaintiff's responses were untimely and filed only after this Court issued a Show Cause Order on December 18, 2008 (Doc. 13).[3] In any event, Plaintiff's responses are woefully deficient, are limited to a trite rendition of the standard of review required to dismiss a complaint under FED. R. CIV. P. 12(b)(6), and have been of little, if any, benefit to the Court. In sum, Plaintiff contends that he "should be granted the opportunity to complete discovery to determine the *validity* of [the Complaint]" (Doc. 15 at 1-2) (emphasis added).[4] For all practical purposes, then, the Court has been forced to address the merits of Defendants' Motions to Dismiss without the benefit of argument from Plaintiff.

---

[2]Although the caption to Count IV includes "All Defendants" (Doc. 1 at 12), other than the City, there are no specific allegations in this count which are directed to any Defendant. Accordingly, the Court has construed this count of the Complaint to be asserted against the City only.

[3]In his response to the Show Cause Order, Plaintiff contends that Defendants granted him a ten-day extension in which to file his responses to the Motions to Dismiss. Notwithstanding this extension, Plaintiff's counsel, a named partner with more than seven years of experience, neglected to file a simple unopposed motion for an extension with the Court.

[4]Plaintiff's counsel, Melanie A. Mucario, is hereby **ORDERED** to re-read Rule 11(b)(2)-(3) of the Federal Rules of Civil Procedure.

The Court has jurisdiction over Counts I-III of Complaint pursuant to 28 U.S.C. § 1331. The Court has jurisdiction over the remaining State law claims (Counts IV-VI) pursuant to 28 U.S.C. § 1367. The parties agree that Florida substantive law is controlling with respect to Counts IV-VI.

**II. Standard of Review**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). The

complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

## III. Analysis

### A. Count I – Disparate Treatment Claim against the City

The City contends that Count I of the Complaint should be dismissed because Plaintiff has failed to allege that he was qualified for the position which he held with the City or that he was subject to an adverse employment action (Doc. 6 at 4). *See generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1974).

The Court agrees that Count I fails to allege that Plaintiff was qualified for the position which he held with the City. Furthermore, although the Complaint alleges that Plaintiff was ultimately subject to a discriminatory discharge, Plaintiff fails to allege that he was replaced by someone who was not a member of a protected class. *See*, *e.g.*, *Williams v. Motorola, Inc.*, 303 F.3d 1284 (11th Cir. 2002); *Caputo-Conyers v. Berkshire Realty Holdings, LP*, 2005 WL 1862697, Civ. No. 05-CV-341 (M.D. Fla. Aug. 2, 2005). Accordingly, Count I of the Complaint will be dismissed without prejudice.

### B. Count II – Hostile Work Environment Claim against the City

The City contends that Plaintiff fails to sufficiently allege both the subjective and objective components of a hostile work environment claim as articulated by the Supreme Court in *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). Specifically, the City contends that Plaintiff has failed to provide sufficient notice of the frequency of the allegedly hostile conduct, the severity of the

conduct, whether the conduct was physically threatening or humiliating, or a mere offensive utterance, or whether the conduct unreasonably interfered with Plaintiff's work performance.

As the City notes, Count II of the Complaint includes only two allegations of improper conduct: that Plaintiff was spoken to in a condescending manner and that he was forced to sit "isolated with his hands folded, and endure humiliation as he was treated like a child" (Doc. 1 at ¶¶ 44-45). Even when considered along with the general allegations of the Complaint,[5] which Plaintiff incorporates by shotgun[6] reference, these allegations fall well short of "establishing the existence of an environment that was so intolerable that a reasonable person would have been forced to leave." *Freese v. Wuesthoff Health Sys., Inc.*, No. 06-CV-175, 2006 WL 1382111, at *6 (M.D. Fla. May 19, 2006) (applying the *Harris* factors and dismissing hostile work environment claim for failure to state a claim). Accordingly, Count II of the Complaint will be dismissed without prejudice.

### C. Count III – Retaliation Claim against the City

Citing *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385 (11th Cir. 1998), Defendant contends that Count III fails to allege that Plaintiff's complaint(s) to his superior(s) concerned

---

[5]Plaintiff further contends that he was assigned menial tasks and scrutinized for taking breaks (Doc. 1 at ¶ 21), instructed on a single occasion to work under hot weather conditions (Doc. 1 at ¶ 22), denied training (Doc. 1 at ¶ 23), denied a leave of absence (Doc. 1 at ¶ 25), and denied access to the laboratory and demoted (Doc. 1 at ¶ 27).

[6]*See generally Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979-983 ("The complaint is a model 'shotgun' pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years...[I]n Title VII cases, shotgun pleadings undercut the purpose of Congress' enactment of Title VII...")

statutorily-protected expression and that Plaintiff fails to allege a causal link between his complaint and his discharge (Doc. 6 at 10).

The Court agrees that Count III fails to allege a causal link between Plaintiff's complaints to his superiors and the City's allegedly retaliatory conduct. While the pleading burden with respect to a causal link is minimal in the Eleventh Circuit, Plaintiff must provide the City with at least some notice of a causal link.[7] Accordingly, Count III of the Complaint will be dismissed without prejudice.

### D. Count IV – Negligence Claim against the City

The City contends that Count VI is barred by sovereign immunity, does not exist as a recognized cause of action at common law, and is otherwise barred by Florida's impact rule (Doc. 6 at 11-13).

Upon close review, Count IV asserts that the City had a common law duty to ensure that employee complaints of racial harassment and racial discrimination were properly addressed and that the City failed to properly train its managerial employees to carry out that duty in the instant case (Doc. 1 at ¶55-60). At its core, then, Plaintiff has alleged that the City negligently failed to maintain a workplace free of racial discrimination. As the City correctly points out, however, Florida does not recognize a common law claim for negligent failure to maintain a workplace free of discrimination. *See*, *e.g.*, *Castleberry v. Edward M. Chadbourne, Inc.*, 810 So. 2d 1028 (Fla. 1st DCA 2002); *Merrick v. Radisson Hotels Int'l, Inc.*, No. 06-CV-1591, 2007 WL 1576361 (M.D.

---

[7]Title VII plaintiffs often establish a sufficient causal link by demonstrating a close temporal relationship which gives rise to an inference of retaliation.

Fla. May 30, 2007); *Scelta v. Delicatessen Support Serv. Inc.*, 57 F. Supp.2d 1327 (M.D. Fla. 1999). Accordingly, Count IV of the Complaint will be dismissed with prejudice.

### E. Count V – Intentional Infliction of Emotional Distress ("IIED") Claim

#### 1. IIED Claim against the City

Relying on *Nelson v. City of Panama City, Florida*, 176 F. Supp. 2d 1288, 1291 (N.D. Fla. 2001), the City observes that "by definition, any conduct sufficient to constitute intentional infliction of emotional distress...is also sufficient to demonstrate bad faith, malicious purpose, or wanton and willful disregard of human rights, safety or property, thus precluding recovery against [a city under Florida's doctrine of sovereign immunity and its accompanying waiver found in FLA. STAT. § 768.28(9)(a)]" (Doc. 6 at 13, quoting from *Nelson*).[8] Thus, the City contends that Plaintiff's IIED claim is barred by FLA. STAT. § 768.28(9)(a).

Notwithstanding the City's perhaps haphazard citation to *Nelson*, numerous Florida courts have "held that the reckless conduct requirement required to establish a prima facie case of [IIED] is the equivalent of willful and wonton conduct, and that sovereign immunity therefore shields [Florida municipalities] from [IIED claims]." *McNichols v. Miami-Dade County*, No. 02-CV-23034, 2006 WL 1104336, at *17 (S.D. Fla. March 24, 2006)(citing *Samedi v. Miami-Dade County*, 134 F.Supp.2d 1320, 1353 (S.D. Fla. 2001); *Williams v. City of Minneola*, 619 So. 2d 983, 986 (Fla. 5th DCA 1993)). Accordingly, Count V of the Complaint will be dismissed with prejudice against the City.

---

[8]The City's citation to the *Nelson* case, however, fails to note that this case was reversed in part by the Eleventh Circuit on March 12, 2003 and is no longer good for at least one point of law. *See* 64 Fed. Appx. 742 (11th Cir. 2003).

### 2. IIED Claim against Defendants Wadsworth and Williams

As Defendants Wadsworth and Williams correctly note, the Complaint does not contain any specific allegations that they engaged in any outrageous, extreme, or atrocious conduct towards Plaintiff. Accordingly, Count V of the Complaint will be dismissed without prejudice against Defendants Wadsworth and Williams.

### 3. IIED Claim against remaining Defendants

The remaining Defendants contend that the allegations in the Complaint fall well short of supporting an IIED claim under the high-bar imposed by Florida's courts in the employment context (Doc. 8 at 6-7).

For the reasons articulated by the Court in its *Freese* opinion, the Court agrees that the conduct presently alleged in the Complaint "does not even approach the required threshold of conduct that is outrageous, extreme, atrocious and utterly intolerable." 2006 WL 1382111 at *10. Accordingly, Count V will also be dismissed without prejudice against the remaining Defendants.

### F. Count VI – Civil Conspiracy Claim against all Defendants

Defendant contends that it is "unclear how a city could ever conspire with its own employees acting within the scope and course of their employment" (Doc. 6 at 15). Similarly, the remaining Defendants contend that Plaintiff's civil conspiracy claim is barred by the intracorporate conspiracy doctrine (Doc. 8 at 8-9, citing, *inter alia*, *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000); *Dickerson v. Alachua County Comm'n*, 200 F.3d 761, 768 (11th Cir. 2000)). Inasmuch as the only conspirators identified by Plaintiff are municipal employees, Defendants contend that Count VI should be dismissed.

Upon review, the Court concludes that the intracorporate conspiracy doctrine bars Plaintiff's civil conspiracy claim. All of the alleged conspirators identified in the Complaint are municipal employees. Accordingly, Count VI of the Complaint will be dismissed with prejudice.

**IV. Conclusion**

Based on the foregoing, it is hereby **ORDERED** that Defendants', City of Edgewater, Robert DeLoach, Terry Wadsworth and Jon Williams, Motions to Dismiss (Docs. 6 and 8) are **GRANTED**.

Counts I through III of the Complaint are **DISMISSED** without prejudice against Defendant City of Edgewater. Count IV of the Complaint is **DISMISSED** with prejudice. Count V of the Complaint is **DISMISSED** with prejudice against Defendant City of Edgewater. Count V of the Complaint is **DISMISSED** without prejudice against Defendants Robert DeLoach, Terry Wadsworth and Jon Williams. Count VI of the Complaint is **DISMISSED** with prejudice against all Defendants.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 16, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE